**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:26-cv-03166-KES Date: August 7, 2026

Title: GUILLERMO EFRAIN JUAREZ LUNA v. MARKWAYNE MULLIN, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| | |
|---|---|
| Jazmin Dorado | Not Present |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PETITIONER: None Present | ATTORNEYS PRESENT FOR RESPONDENTS: None Present |

**PROCEEDINGS (IN CHAMBERS):** **Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Prosecution and Requiring Motion to Withdraw if Petitioner is No Longer Represented by Counsel**

## I. PROCEDURAL HISTORY

On June 9, 2026, Guillermo Efrain Juarez Luna ("Petitioner") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). ("Petition" at Dkt. 1.) Respondents answered the Petition on June 16, 2026 ("Answer" at Dkt. 9), and Petitioner replied on June 17, 2026 ("Reply" at Dkt. 10).

On June 30, 2026, the Court dismissed the Petition with leave to amend, finding:

> A habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Habeas Rule 1(c)(1)-(2). The Petition fails to satisfy the latter requirement, because it contains so few specific facts about Petitioner, his immigration status, and his ongoing immigration proceedings. These facts are material to Petitioner's claims and his requests for relief. For example, the Petition asks the Court to order Petitioner's release and "restore Petitioner to the status he occupied immediately before

> detention" (Pet. at 26 ¶ 8), but it fails to state the nature of that status. The Petition does not state the date Petitioner entered the country, the date of his DUI arrest, or how long he has been in ICE detention. The Petition does not attach a copy of the cancellation of removal order that Petitioner claims gives rise to a liberty interest, or even state the date on which that order was issued.
>
> Additionally, it is not clear that an IJ's favorable cancellation-of-removal determination creates a liberty interest protected by the Due Process Clause. See generally Mendez-Garcia v. Lynch, 840 F.3d 655, 669 (9th Cir. 2016) ("Nor did the application of the cap [on cancellation of removal applications] to Mendez-Garcia violate his due process rights. Discretionary immigration relief gives rise to no 'substantive interest protected by the Due Process Clause.'").
>
> On the sparse facts alleged in the Petition, the Court cannot say that Petitioner is entitled to the relief sought therein.

(Dkt. 11 at 3-4) (footnote omitted).

On June 29, 2026, the Court received a pro se petition from Petitioner. (Dkt. 12.) Petitioner signed the petition on June 22, 2026, i.e., about a week before the Court issued its dismissal order. (Id. at 8.) The Court struck this filing, finding that because Petitioner was represented by counsel, he could not file documents pro se. (Dkt. 13.)

Petitioner's response to the dismissal order was due by July 30, 2026. (Dkt. 11 at 4.) As of the date of this order, the Court has received no further filings in this case.

## II. DISCUSSION

IT IS HEREBY ORDERED that, **on or before September 8, 2026**, Petitioner shall show cause why this action should not be dismissed for lack of prosecution and/or failure to follow this Court's orders.

Petitioner may discharge this Order to Show Cause by: (a) filing a First Amended Petition that attempts to remedy the defects identified in the Court's dismissal order; (b) explaining why he missed the most recent deadline to do so and demonstrating good cause to extend the deadline; or (c) voluntarily dismissing this action. **If Petitioner fails to respond to this Order to Show Cause, the Court may dismiss this action for lack of prosecution and/or failure to follow the Court's orders.**

If Carlos R. Barrios, Esq. (California Bar no. #249654) no longer represents Petitioner, counsel must move to withdraw. See Central District of California Local Rule 83-2.3 ("An attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by

good cause. Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause."). **Failure to do so may result in judicial sanctions or Bar discipline.**

If counsel believes that the Petition cannot be amended to state a valid claim for relief, then counsel should move to voluntarily dismiss this action or negotiate a stipulated dismissal. See Fed. R. of Civ. Proc. 41(a)(2).

Initials of Deputy Clerk jd