**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:26-cv-03166-KES Date: September 11, 2026

Title: GUILLERMO EFRAIN JUAREZ LUNA v. MARKWAYNE MULLIN, et al.

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| | |
|---|---|
| Jazmin Dorado<br>Courtroom Clerk | Not Present<br>Court Reporter |
| ATTORNEYS PRESENT FOR PETITIONER:<br>None Present | ATTORNEYS PRESENT FOR RESPONDENTS:<br>None Present |

---

**PROCEEDINGS (IN CHAMBERS):** **Order Dismissing Petition for Lack of Prosecution and Requiring Petitioner's Counsel to Show Cause Why He Should Not Be Sanctioned**

## I. BACKGROUND

On June 9, 2026, Guillermo Efrain Juarez Luna ("Petitioner") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). ("Petition" at Dkt. 1.) Respondents answered the Petition on June 16, 2026 ("Answer" at Dkt. 9), and Petitioner replied on June 17, 2026 ("Reply" at Dkt. 10).

On June 29, 2026, the Court received a pro se First Amended Petition ("FAP") from Petitioner. (Dkt. 12.) The Court directed the Clerk to reject the pro se FAP, finding that Petitioner had to submit filings through his counsel of record. (Dkt. 13.)

On June 30, 2026, the Court dismissed the counseled Petition with leave to amend, finding it did not demonstrate that Petitioner was entitled to habeas relief. (Dkt. 11.) The Court instructed Petitioner's counsel to file an FAP within 30 days, i.e., by July 30, 2026. (Id. at 4.) Petitioner did not respond to this order.

On August 7, 2026, the Court ordered Petitioner to show cause why the case should not be dismissed for lack of prosecution or move to voluntarily dismiss the action. (Dkt. 14.) The

Court also stated, "If Carlos R. Barrios, Esq. (California Bar no. #249654) no longer represents Petitioner, counsel must move to withdraw. See Central District of California Local Rule 83-2.3…. **Failure to do so may result in judicial sanctions or Bar discipline.**" (Id. at 2-3 (emphasis in original).) Neither Petitioner or nor his counsel responded to this order.

## II. DISCUSSION

### A. This Action is Dismissed for Lack of Prosecution.

#### 1. Legal Standard.

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."

The Court has discretion to dismiss the action with or without prejudice. See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

#### 2. Analysis.

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—the Court's need to manage its docket—favors dismissal here because Petitioner's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court."

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



Id. (internal quotations marks omitted).

The third factor—prejudice to Respondents—weighs in favor of dismissal, although perhaps not as strongly as some of the other factors. A rebuttable presumption of prejudice to the respondents arises when a petitioner unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court's prior orders warned Petitioner that failure to respond might result in a dismissal of this action. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here. Pagtalunan, 291 F.3d at 643. However, the effect of this factor is somewhat mitigated by the fact that the initial Petition failed to state a claim for relief for the reasons explained in the Court's dismissal order.

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rule 41-1. The dismissal shall be without prejudice.

### B. Petitioner's Counsel Shall Show Cause Why He Should Not Pay Monetary Sanctions to the Clerk of Court.

The Court generally may issue "any just orders" to sanction parties or their attorneys for the failure to be prepared for a pretrial conference and failure to comply with Court orders. See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b); Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (the Court possesses inherent authority to impose sanctions to manage its own affairs to achieve the orderly and expeditious disposition of cases). Consistent with the California Rules of Professional Conduct, attorneys who undertake to represent a client in court cannot end that representation unless and until they receive authorization to withdraw as counsel of record. See Local Rule 83-2.3.2 ("An attorney may not withdraw as counsel except by leave of court."); see also Local Rule 83-3.1.2 (adopting the California Rules of Professional Conduct as the standard of professional conduct in the Central District, and noting that "any breach or violation thereof may be the basis for the imposition of discipline").

IT IS HEREBY ORDERED that, on or before **September 25, 2026**, Petitioner's counsel shall show cause in writing, if any he has, why he should not be sanctioned $200 for failing to respond to the Court's orders.

Initials of Deputy Clerk jd